## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

November 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

OTHA SMITH,                          )
                                     )
     Plaintiff/Appellant,        )
                                     )     Appeal No.
                                     )     01-A-01-9802-CH-00068
VS.                                  )
                                     )     Giles Chancery
                                     )     No. 9074
MARJORIE SMITH,                      )
                                     )
     Defendant/Appellee.         )

APPEALED FROM THE CHANCERY COURT OF GILES COUNTY
AT PULASKI, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

ROBERT D. MASSEY
P. O. Box 409
Pulaski, Tennessee 38478
     Attorney for Plaintiff/Appellant

JOE W. HENRY, JR.
119 South First Street
Pulaski, Tennessee 38478
     Attorney for Defendant/Appellee

AFFIRMED AS MODIFIED
AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

Following an in camera proceeding, the trial court declared the parties divorced, and awarded the real property at issue to the husband. The wife filed a Motion to Alter and Amend, which resulted in a new hearing, and a new decree whereby the real property was equally divided between the parties. The husband claimed on appeal that the trial court erred in re-opening the case after his initial decree. We affirm the trial court, but we amend its final order to make sure there is no doubt that the parties have been legally divorced.

## I. Marriage and Divorce

Otha Smith and Marjorie May married on November 16, 1993. During the course of their brief marriage, they purchased a 35 acre piece of land, which was titled in Mr. Smith's name alone. The $5,000 down payment for the land was provided by Marjorie Smith. When the mortgage note was renewed, her name was added to the deed of trust. At some point, the parties added to their holdings by purchasing a one acre tract, which was deeded in the names of both parties.

On October 11, 1995, Mr. Smith filed a complaint for divorce, stating as grounds cruel and inhuman treatment, or in the alternative irreconcilable differences. Ms. Smith answered, admitting that irreconcilable differences had arisen between the parties, but denying that she had been guilty of cruel and inhuman treatment. She also counter-claimed for divorce on the ground of inappropriate marital conduct.

The case was set for trial, but was continued several times because Ms. Smith's attorney believed that her psychological condition rendered her incapable of testifying in open court. The hearing was finally scheduled for April 8, 1996. On that

date, Ms. Smith's attorney, Joe W. Henry Jr., approached Mr. Smith's attorney, W. Howell Forrester, and suggested that they avoid the acrimony of a trial, and submit the issues to some form of Alternate Dispute Resolution.

The attorneys agreed to a procedure whereby the trial judge would hear each of the parties separately in his chambers, without their attorneys being present, and without limitation as to what could be discussed. The judge would then render a decision based on their statements to him.

On April 24, 1996, the trial court issued an order declaring the parties divorced pursuant to Tenn. Code Ann. § 36-4-129(b), and awarding the husband all right, title and interest to the 36 acres. The wife was awarded the mobile home that she had purchased and placed on the property, but was ordered to remove it within thirty days.

On May 15, 1996, Ms. Smith filed a timely motion through her attorney to set aside the judgment of the trial court. See Rule 59.02, Tenn. R. Civ. P. In the alternative, she asked the court to alter or amend the judgment to make an equitable distribution of the marital estate. Mr. Smith filed a response in opposition to the motion. The response alleged that the parties had agreed that the trial court's judgment would be final, and that no change of circumstances had occurred to warrant a change in the order.

On March 10, 1997, the parties scheduled a hearing on Ms. Smith's motion. On that day, Mr. Henry and Mr. Forrester agreed to waive the hearing on the motion, and to retry the case instead. The trial court accordingly conducted a complete trial, at which both parties testified.

On March 21, 1997 the trial court entered a new order, based on the hearing of March 10. The judge found that the 36 acre property was part of the marital estate, and that both parties had contributed to its acquisition and preservation. He accordingly ordered that the property be surveyed, and that it be divided equally between the parties. W. Howell Forrester subsequently withdrew as counsel for Mr. Smith, and Robert D. Massey was enrolled in his place. Mr. Massey filed a Motion for Findings of Fact and Amendment of Judgment, which was denied. This appeal followed.

## II. Arbitration or Waiver?

The appellant argues that the trial court erred in re-opening the case after issuing its decree of April 24, 1996. He contends that the procedure the parties initially agreed upon amounted to a type of Alternative Dispute Resolution (ADR) akin to binding arbitration, with the trial court acting as arbitrator. The appellant points out that under the Uniform Arbitration Act, Tenn. Code Ann. § 29-5-301, et seq., an arbitration award may not be modified or vacated except under circumstances not present here. *See* Tenn. Code Ann. § 29-5-310, 313 and 314.

However, the proceeding conducted by the trial court differed in many important respects from an arbitration of the sort which is governed by the Uniform Arbitration Act. It appears to us that some of the provisions of the Act were adopted as safeguards, to prevent parties from being victimized by the very finality that makes arbitration the procedure of choice for certain types of disputes. Thus, an agreement to arbitrate must be in writing, Tenn. Code Ann. § 29-5-302(a). Further, a party may not waive his right to be represented by an attorney at any proceeding or hearing. Tenn. Code Ann. § 29-5-307.

In the present case, there was no written agreement to arbitrate, and the attorneys have presented differing accounts as to the nature of the agreement they reached. The appellant submitted the affidavit of Mr. Forrester, which was to the effect that he and Mr. Henry had agreed that the decision of the judge following the in camera proceeding would be final, and the "case would forever be concluded based on his ruling."

In response, Mr. Henry filed his own affidavit, in which he explained the circumstances that led him to suggest that some method of ADR be used to decide the case, but denied that he had ever agreed to waive his right to appeal an unfavorable outcome. Ms. Smith also filed an affidavit, in which she stated that her attorney told her that if the decision was adverse, the process of appellate review was still available.

Insofar as the appellant is suggesting that the appellee has lost her right to appeal as the result of a waiver, we must also reject that argument. Since the opposing affidavits balance each other, we are obligated to find that Mr. Henry had not waived his client's right to appeal, for it appears to us that the greater burden of proof must rest on the person claiming the waiver of a legal right, not on the person attempting to exercise that right.

Mr. Henry also argues, correctly we believe, that Mr. Forrester surrendered any objections he may have had to re-opening the case when he agreed to forego the hearing on Mr. Henry's motion to set aside the judgment, and to proceed directly to a trial of the cause. This is borne out by a finding of the trial court in its order overruling Mr. Smith's Motion for Findings of Fact and Amendment of Judgment.

> The Court finds that prior to the March 10th hearing, in open court, everyone agreed, the parties as well as counsel, that the prior hearing held in chambers between the Court and the parties and the Court's ruling based on that hearing, would be held do novo (sic).

### III. Correcting an Oversight

As we stated above, the trial court's order of April 24, 1996 declared the parties divorced pursuant to Tenn. Code Ann. § 36-4-129(b). The order of March 21, 1997 divided the property, but did not mention divorce. The appellant argues that the more recent order should be set aside because it is fatally deficient, and that a new hearing should be ordered. He contends that the order of April 24 had been totally superseded, and that the more recent order failed to deal with the primary issue before the court -- the dissolution of a marriage. A necessary corollary implication is that the parties are still married, and can no longer be considered to be legally divorced.

While we do not fault the appellant's attorney for using any wedge he can find to attack the property division, it is apparent to us that the court's failure to mention the divorce was a mere oversight. The appellee's Statement of the Evidence, which was adopted by the court, reveals that the court not only heard evidence relating to the property at issue in the trial of March 10, but also evidence as to the viability of the marriage.

The evidence included testimony that Mr. Smith abused his wife throughout the course of their marriage, including physical abuse so severe that an ambulance had to be called, that he was a user of drugs, that he made threats with firearms, and that he was involved sexually with young boys. No purpose can be served by continuing a marriage under such circumstances. *See Fox v. Fox*, 676 S.W.2d 956, 958 (Tenn. 1984). While we believe that the parties have been validly divorced, we direct the trial court to modify its order to reflect this fact, in order to remove any possible doubts as to the dissolution of the marriage between the parties.

**IV.**

The order of the trial court is affirmed as modified.  Remand this cause to the Chancery Court of Giles County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant.


_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR.,JUDGE


_____
WILLIAM B. CAIN, JUDGE