IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2003 Session

## TAMARA LYNN FONTAINE, ET AL. v. WEEKLY HOMES, L.P., d/b/a DAVID WEEKLY HOMES, LLC, ET AL.

**Direct Appeal from the Chancery Court for Williamson County**
**No. 28350     Russ Heldman, Judge**

_____

**No. M2002-01651-COA-R3-CV - Filed August 13, 2003**

_____

Defendants/appellants appeal the trial court's denial of their motion to compel arbitration. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

James.S. Higgins, Nashville, Tennessee, for the Appellants, Weekly Homes, L.P., d/b/a David Weekly Homes, L.L.C., and Scott Bauer.

Larry L. Crain, Brentwood, Tennessee, for the appellee, Tamara Lynn Fontaine.

### OPINION

Defendants/appellants, Weekly Homes, L.P., d/b/a David Weekly Homes, LLC and Scott Bauer (collectively, "Weekly Homes"), appeal the trial court's denial of their motion to compel arbitration of an action commenced by an employee, Tamara Lynn Fontaine (Ms. Fontaine) for assault and violations of the Tennessee Human Rights Act as codified at Tenn. Code Ann. § 4-21-101. Weekly Homes contends that provisions contained in its Team Member Handbook ("the handbook") constitute a contract between the parties to submit claims or disputes between them to binding arbitration. Weekly Homes accordingly submits that the trial court erred by denying its motion to compel arbitration and ordering the parties to non-binding mediation pursuant to Rule 31 of the Tennessee Supreme Court Rules.[1]

_____

[1]The Uniform Arbitration Act as enacted by Tennessee and codified at Tenn. Code Ann. § 29-5-301 *et seq.* provides a limited exception to the rule that an appeal to this Court is permissible only from a final judgment adjudicating
(continued...)

### *Issues Presented*

The only issue now before this Court is whether an arbitration agreement existed between the parties such that it was error for the trial court to deny Weekly Homes' motion to compel arbitration. Contract interpretation is a matter of law. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn.1999). We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R.App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000).

**Analysis**

Arbitration is favored by the legislature and the courts as permitting and encouraging a quick, cost effective, and efficient method of dispute resolution which may nevertheless be binding on the parties. *T.R. Mills Contractors, Inc. v. WRH Enterprises*, 93 S.W. 3d 861, 868 (Tenn. Ct. App. 2002)(perm. app. denied). However, parties cannot be forced into binding arbitration on claims which they did not agree to arbitrate, and Tennessee's version of the Uniform Arbitration Act contains several provisions designed to "prevent parties from being victimized by the very finality that makes arbitration the procedure of choice for certain types of disputes." *Id.* at 869 (*quoting Smith v. Smith*, 989 S.W.2d 346, 348 (Tenn. Ct. App. 1998)). Thus in Tennessee, an agreement to arbitrate must be in writing. *Id.* at 869.

In deciding whether to grant a motion to compel arbitration, the threshold issue for the court is whether the parties have entered into a written agreement to arbitrate. Weekly Homes contends that the section in its handbook titled "Dispute Resolution" constitutes a written agreement between it and its employees to arbitrate all employment related disputes. It further argues that this provision is binding notwithstanding an at-will employment relationship and the fact that the handbook may be revised by Weekly Homes. We disagree.

To be enforceable, a contract "must result from a meeting of the minds of the parties in mutual assent to [its] terms." *Johnson v. Central Nat'l Ins. Co.*, 356 S.W .2d 277, 281 (Tenn.1962). Handbooks such as the one at issue here do not in themselves constitute contracts. *See Gardner v. University of Memphis*, No. W2002-01417-COA-R3-CV, 2003 WL 1872640 (Tenn. Ct. App. Apr. 8, 2003) (*no perm. app. filed*). Rather, there must be an expression of an intent to be bound in the specific language of the handbook. *Id.*; *Smith v. Morris*, 778 S.W.2d 857, 858 (Tenn. Ct. App.1988).

Weekly Homes contends that Ms. Fontaine's signature acknowledging receipt of the handbook evidences her intent to be bound to its dispute resolution procedures. The acknowledgment page signed by Ms. Fontaine reads, *in toto*:

---

[1](...continued)

all the claims, rights and liabilities of all parties. *T.R. Mills Contractors, Inc. v. WRH Enterprises*, 93 S.W. 3d 861, 864 (Tenn. Ct. App. 2002)(perm. app. denied). An appeal may be taken from an order denying an application to compel arbitration made pursuant to § 29-5-303. Tenn. Code Ann. § 29-5-319.

I have read the information in my Team Member Handbook on the following subjects:

1. Section 4 - Policies
   Equal Opportunity Employment - page #32
   Conflicts of Interest - page #33
   Sexual Harassment - page #31

2. Section 6 - Dispute Resolution - page #43

3. Section 7 - Confidentially (sic)
   Computer Systems and Networks - page #52

This hardly indicates an intent to by Ms. Fontaine to be bound to arbitration.

Further, the language of the entire dispute resolution section of the handbook is permissive and fails to communicate to the employee that it should be considered binding. The section describes the arbitration processes and communicates that it is the preferred mechanism of dispute resolution. However, the section on arbitration states that if a dispute involves a legally protected right, the employee "*may* opt directly for arbitration" (emphasis added). Nothing in this section indicates to the employee that he has agreed to be bound to an arbitration process, thereby waiving his right to the courts. More significantly, the language of the section evidences no intent by Weekly Homes to be bound to arbitration.

The very brief record before us contains only the dispute resolution section of the handbook. Thus we cannot determine whether any other section of the handbook evidences contractual intent. Counsel for Weekly Homes stated at oral argument, however, that Weekly Homes reserved the right to revise the handbook, and that not all the provisions in the handbook would be considered contractual in nature. The arbitration provision in the dispute resolution section specifically states that it "does not establish any of the terms of your employment." Certainly, the specific language of the dispute resolution section is far from sufficient to demonstrate Weekly Homes' intent to be bound to the arbitration provision.

Weekly Homes simply has failed to carry its burden of proving that a written, enforceable arbitration agreement existed between it and Ms. Fontaine. We accordingly affirm the order of the trial court. Costs of this appeal are taxed to the appellants, Weekly Homes, L.P., d/b/a David Weekly Homes, LLC and Scott Bauer, and their sureties, for which execution may issue if necessary.

 

 

 

                                                _____

                                                DAVID R. FARMER, JUDGE