# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 6, 2012 Session

## CYNTHIA A. WILKERSON v. RAYNELLA DOSSETT LEATH

**Appeal from the Circuit Court for Knox County**
No. 3-93-06     Hon. Wheeler A. Rosenbalm, Judge

---

### No. E2011-00467-COA-R3-CV-FILED-JUNE 22, 2012

---

This appeal involves a suit to restrain a surviving wife from inheriting from her deceased husband. Husband's daughter filed a complaint against wife, alleging that wife intentionally killed husband, thereby forfeiting any right to inherit pursuant to Tennessee Code Annotated section 31-1-106. When wife was convicted of first degree murder, Daughter filed a motion for summary judgment and attached the judgment of conviction. The court granted the motion, finding that no genuine issues of fact remained because the doctrine of collateral estoppel precluded litigation of whether wife killed husband. We reverse the decision of the trial court and remand this case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined and D. MICHAEL SWINEY, J., concurred filing a separate concurring opinion.

James A. H. Bell and John C. Barnes, Knoxville, Tennessee, for the appellant, Raynella Dossett Leath.

James S. MacDonald, Knoxville, Tennessee, for the appellee, Cynthia A. Wilkerson.

## OPINION

### I. BACKGROUND

David R. Leath ("Husband") and Raynella Dossett Leath ("Wife") were married in 1993. Husband entered the marriage with one daughter, Cynthia A. Wilkerson ("Daughter"),

while Wife entered the marriage with two daughters, Raynella Magdelena Dossett and Nancy Kathalena Dossett (collectively "Stepdaughters"). Husband died as a result of a gunshot wound to the head on March 13, 2003. Husband's will could not be found at the time of his death. Wife and Stepdaughters petitioned the court to establish a copy of the will as Husband's last will and testament.[1] The trial court denied the petition filed by Wife and Stepdaughters, and this court affirmed the decision on appeal. *See In re Estate of Leath*, 294 S.W.3d 571, 578 (Tenn. Ct. App. 2008) (finding that appellants failed to show that Husband was incapable of revoking his will). Daughter filed a complaint against Wife, alleging that Wife had "forfeited her right to take any property, whether real, personal, or mixed belonging to [Husband] at the time of his death" because Wife had feloniously killed Husband. As Husband's only heir, Daughter expected to inherit from Husband if Wife was precluded recovery of the estate. Daughter's complaint is the subject of this appeal.

After Daughter filed her complaint, Wife was charged with the unlawful, intentional, and premeditated killing of Husband. Wife filed a motion to stay the proceedings and discovery on Daughter's complaint until a final judgment was entered in the criminal case. Wife argued that it would be impossible to defend against the complaint without being compelled to waive her privilege against self-incrimination and the right to due process. The court agreed, and a series of stays were requested and subsequently granted. While the criminal case against Wife ended with a mistrial in 2009, a new trial date was set and the proceedings relating to Daughter's complaint were continued indefinitely.

On January 25, 2010, Wife was found guilty of first degree murder and sentenced to life imprisonment. Daughter filed a motion to dissolve the stay and a motion for summary judgment, alleging that no genuine issues of material fact remained because Wife had been convicted of murdering Husband. Daughter argued that the unanimous jury verdict precluded re-litigation of whether Wife killed Husband, thereby establishing that Wife could not inherit from Husband pursuant to Tennessee Code Annotated section 31-1-106, which provides,

> Any person who kills, or conspires with another to kill, or procures to be killed, any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property, by will, deed, or otherwise, at the

---

[1] Husband devised a life estate of certain property to his mother, who died shortly after Husband, and the remainder of his estate to Wife. The will provided that in the event that Wife predeceased Husband or died with Husband as a result of a common disaster, the remaining property would pass to Daughter, with the exception that any property that came to him as a result of Wife's death would pass to Stepdaughters.

death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under § 31-2-104, or by will, deed or other conveyance, as the case may be; provided, that this section shall not apply to any killing done by accident or in self-defense.

Wife responded by asserting that a dissolution of the stay would be inappropriate when a final judgment had not been entered in the criminal case and the case remained subject to an appeal as of right. She argued that other issues impacted the disposition of the case, namely she had been charged with the murder of her first husband, William Edward Dossett. She noted that if she were convicted of murdering Mr. Dossett, the property she inherited from him should not pass to Daughter but should pass to his heirs pursuant to Tennessee Code Annotated section 31-1-106. Wife responded to the motion for summary judgment by stating that the unanimous jury verdict did not preclude litigation of whether she killed Husband because the related doctrines of collateral estoppel and res judicata did not apply. Wife asserted that the "same parties" were not "present in each suit, a necessary element of both res judicata and collateral estoppel." Wife alternatively argued that a ruling for summary judgment would be premature when she had not exhausted her right to appeal.

Following the denial of Wife's motion for new trial and all post-trial motions in the criminal case, the court granted Daughter's motion for summary judgment, finding that the judgment of conviction and the order denying all post-trial motions were "issue preclusive of the matters raised in this litigation" and that Wife was "precluded from inheriting or taking by deed or otherwise any property belonging to [Husband]." This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal as follows:

A. Whether Wife has waived review of the trial court's allegedly erroneous use of the doctrine of "non-mutual offensive collateral estoppel" in granting the motion for summary judgment.

B. Whether the trial court erred in concluding that Wife was collaterally estopped from arguing that she did not kill Husband.

C. Whether the trial court erred in granting the motion for summary judgment.

D. Whether the judgment of conviction may still be used at trial if it is not entitled to preclusive effect for collateral estoppel purposes.

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

## IV. DISCUSSION

### A.

As a threshold matter, we must address Daughter's assertion that Wife is attempting to raise an issue for the first time on appeal. The central issue on appeal is the court's use of collateral estoppel in granting the motion for summary judgment. On appeal, Wife alleges that Daughter's use of collateral estoppel to preclude litigation of whether she killed Husband was contrary to the law in Tennessee because Daughter was not a party in the criminal case. Wife notes that use of collateral estoppel in this manner is characterized as non-mutual *offensive* collateral estoppel, which Tennessee has specifically declined to accept. Daughter asserts that Wife never used the terms non-mutual offensive collateral estoppel in the pleadings or at the hearing and that Wife only alluded to general principles of collateral estoppel in her defense of the motion for summary judgment. Daughter claims that because the use of non-mutual offensive collateral estoppel was never specifically addressed in the pleadings or at the hearing, Wife waived review of the alleged error on appeal.

A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell County Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted). While the doctrine of waiver is an important jurisprudential restriction, this court must interpret and apply such rules "in a way that enables appeals to be considered on their merits." *Id.* (citing Tenn. R. App. 1.). In keeping with that ideal, the party asserting the waiver doctrine bears the "burden of demonstrating that the issue sought to be precluded [on appeal] was, in fact, not raised in the

trial court." *Id.* (citing *Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.3d 779, 783 (Tenn. 2000); *Smith v. Smith*, 989 S.W.2d 346, 348 (Tenn. Ct. App. 1998)).

Here, the pleadings reflect that Wife argued in her response to Daughter's motion for summary judgment that "a necessary element of both res judicata and collateral estoppel" was missing because "[t]he same parties were not present in each suit." Wife continued by stating,

> Because the appropriate factors to bar a claim or issue by way of res judicata or collateral estoppel have not, and cannot be met, the issue of whether [Wife] killed or conspired to kill [Husband] must be litigated in this action.

At the hearing, Daughter argued that Wife's conviction of first degree murder resolved the case because the conviction proved that Wife feloniously killed Husband. Relative to the motion for summary judgment, Wife stated, "Now, on the motion for summary judgment, there were several factors the [c]ourt should consider, and we filed a brief that deals with those five factors, but litigation in the criminal matter is still active and ongoing." Following further argument relating to the fact that the conviction was not final and could not be used until it was final, the court sustained the motion for summary judgment after stating that the findings of the criminal court were "issue preclusive of the matters raised" in Daughter's complaint.

In order to apply the doctrine of issue preclusion, the court must have found, among other elements, that Daughter, who was not a party in the prior case, was in privity with the State. *State ex. rel Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). While the mutuality of the parties was not specifically mentioned during the hearing, the issue was raised in Wife's responsive pleading, alluded to in Wife's argument, and implicated in the trial court's ruling. Accordingly, we conclude that Daughter failed to prove that Wife waived review of the issue.

B.

Wife asserts that the trial court erred in applying the doctrine of offensive non-mutual collateral estoppel because Daughter was not a party in the criminal case and because the judgment of conviction was not final. Daughter responds that while she was not a party in the criminal case, she was in privity with the State. She also responds that the judgment is final for issue preclusion purposes until it is reversed.

"The question of whether collateral estoppel applies is a question of law." *Mullins v. State*, 294 S.W.3d 529, 535 (Tenn. 2009) (citations omitted). Thus, this court must review

the trial court's "decision to grant a summary judgment based on [the] collateral estoppel claim . . . de novo without a presumption of correctness." *Id.* (citing *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008)). This court "must also view the evidence in the light most favorable to the non-moving party and must resolve any doubts and draw all inferences in the non-moving party's favor." *Id.* (citations omitted).

Generally, res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629 (Tenn. 1987)). "In the context of a civil case, collateral estoppel (also known as issue preclusion) has been described as an extension of the doctrine of res judicata (also known as claim preclusion)." *Id.* (citing *Massengill*, 738 S.W.2d at 631-32). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *Id.* The party invoking the doctrine of collateral estoppel must demonstrate that

1. [T]he issue sought to be precluded is identical to the issue decided in the earlier suit;

2. [T]he issue sought to be precluded was actually litigated and decided on the merits in the earlier suit;

3. [T]he judgment in the earlier suit has become final;

4. [T]he party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit;[2] and

5. [T]he party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the new issue now sought to be precluded.

*Beaty v. McGraw*, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998) (internal citations omitted).

Our consideration of the application of collateral estoppel in this case focuses on the mutuality of the parties and the finality of the judgment because there was no disagreement that the issue sought to be precluded was identical to the issue in the earlier suit, that the

---

[2]This element is somewhat misleading given Tennessee's doctrine of mutuality of estoppel.

issue sought to be precluded was actually litigated and decided on the merits, and that Wife had a full and fair opportunity to litigate the issue. *Mullins*, 294 S.W.3d at 536.

## 1. Mutuality

Daughter was not a party in the criminal case against Wife. At common law, the doctrine of collateral estoppel could only be asserted by a person defending against a previously-litigated claim involving the same party. *Beaty*, 15 S.W.3d at 825. The doctrine has since been expanded to allow the offensive use of collateral estoppel. *Id.* "[T]he offensive use of the collateral estoppel doctrine [may be used] in two ways." *Id.* A plaintiff may "foreclose a defendant from relitigating an issue that the defendant had previously litigated unsuccessfully in another action against the same plaintiff." *Id.* This use of the doctrine is referred to as mutual offensive collateral estoppel. *Id.* A plaintiff may also "foreclose a defendant from relitigating an issue that the defendant had previously litigated unsuccessfully in another action against a different party." *Id.* Tennessee refuses to approve this use of the doctrine, which is commonly referred to as nonmutual offensive collateral estoppel. *Id.* However, Tennessee's adherence to the mutuality requirement does not necessarily mean that the exact same parties must be involved in the prior case in order for a party to assert the doctrine offensively.

Instead, the mutuality requirement is met when the party seeking to offensively assert the doctrine was in privity with a party involved in the previous suit. *Crawford*, 39 S.W.3d at 180. In the context of the assertion of collateral estoppel, "privity relates to the subject matter of the litigation." *Id.* "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *Id.* "The existence of privity or identity of interest for the purpose of applying res judicata and collateral estoppel depends on the facts of each case." *Id.* at 181.

Daughter argues that utilizing a criminal conviction for offensive issue preclusive purposes in a civil proceeding has been the approved law in Tennessee since this court's decision in *McFadgon v. The City of Memphis*, 731 S.W.2d 530 (Tenn. Ct. App. 1986). In *McFadgon*, a police officer was charged with criminal neglect of duty and was also charged with violating a department regulation concerning neglect of duty. The officer appealed his termination to the civil service commission but requested that the appeal be stayed pending the resolution of the criminal charge. Following the officer's conviction of neglect of duty in criminal court, the city alleged that the officer's termination was mandatory pursuant to state statute because those convicted of neglect of duty could not maintain their status as a police officer. The commission agreed and concluded that the officer could not retry the issues settled by the criminal court and that the conviction disqualified the officer from his position. This court held that the commission was not required to hold a hearing as to

whether the officer was guilty of the charge brought by the department. In so holding, this court cited *Grange Mut. Cas. Co. v. Walker*, 652 S.W.2d 908 (Tenn. Ct. App. 1983), in stating, "[a] criminal court conviction may work an estoppel in a subsequent civil action where the issues have been determined in the previous criminal prosecution."[3] This quote, which forms the primary argument in Daughter's brief on this issue, was derived from *Tietelbaum Furs, Inc. v. Dominion Ins. Co.*, 375 P.2d 439, 604 (Cal. Ct. App. 1962). Interestingly, the court in *Tietelbaum* acknowledged that California had recently abandoned the mutuality of estoppel doctrine and that prior cases that precluded the application of collateral estoppel in a civil case to issues determined in a prior criminal case were either based upon the abandoned doctrine of mutuality of estoppel or other concerns. *Tietelbaum*, 375 P.2d at 604-05. Regardless of the questionable lineage of the quote relied upon by Daughter in this appeal, we believe that the facts of this case are materially different from the facts in *McFadgon*. In that case, the city and the State had similar interests, namely the administration of justice and to prevent other law enforcement officers from neglecting their duties. Additionally, once the officer was convicted of the criminal charge, he was no longer qualified to maintain his position as an officer. Thus, the use of collateral estoppel was not necessary to sustain his termination in the civil proceeding even without a full evidentiary hearing.

Here, both parties, namely the State and Daughter, sought to prove that Wife killed Husband. The State's interest was grounded in the administration of justice, while Daughter's interest was grounded in securing an inheritance from Husband, her father. We acknowledge that both interests, if secured, had an element of justice, namely preventing Wife from profiting from her alleged wrongdoing. However, unlike Daughter, the State did not have a pecuniary interest in the litigation. With all of the above considerations in mind, we conclude that Daughter's interest in this proceeding differed from the State's interest in the criminal proceeding. Accordingly, Daughter cannot assert the doctrine of collateral estoppel because she was not in privity with the State.

2. Finality

In the event of further appellate review of this case, we will address the issue of whether the judgment, while pending on appeal to the Court of Criminal Appeals, was final for collateral estoppel purposes. A party may not assert the doctrine of collateral estoppel unless the issue sought to be precluded was "previously and finally decided." *Thompson*, 285 S.W.3d at 848. "The burden is on the party asserting collateral estoppel to demonstrate that a specific point at issue has been previously and finally decided." *Id.* "A final judgment is

---

[3] In *Grange*, this court reversed the grant of summary judgment because the conviction relied upon for estoppel purposes was a guilty plea conviction.

essential under either collateral estoppel or res judicata." *Id.* "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." *State v. Pendergrass*, 937 S.W.3d 834, 837 (Tenn. 1996) (citing Tenn. R. App. 4(a) and (c); *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)). In Tennessee, "'a judgment is not final and *res judicata* where an appeal is pending.'" *Creech v. Addington*, 281 S.W.3d 363, 376-78 (Tenn. 2009) (quoting *McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991)); *see also In re Shyronne D.H.*, No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at *6 (Tenn. Ct. App. July 7, 2011) ("[I]t is an inescapable conclusion that, in Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted."). The parties agree that Wife's appeal of the judgment of conviction is pending on appeal to the Court of Criminal Appeals. Accordingly, we conclude that the judgment of conviction cannot be used for collateral estoppel purposes because the judgment of conviction is not a final judgment.

C.

Having concluded that the judgment of conviction cannot be used for collateral estoppel purposes, we further conclude that the trial court erred in granting Daughter's motion for summary judgment because a genuine issue of material fact remained, namely whether Wife intentionally killed Husband. Tenn. R. Civ. P. 56.04; *see Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 (Tenn. 2008) (providing that "a properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial"). Accordingly, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings.

D.

While the judgment of conviction does not have preclusive effect, it may still be relevant and admissible upon remand to prove facts essential to sustain the judgment at trial, namely that Wife killed Husband. Indeed, the judgment of conviction may be admitted pursuant to Rule 803(22) of the Tennessee Rules of Evidence, which provides,

> Evidence of a final judgment adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year to prove any fact essential to sustain the judgment, but not including, when offered by the prosecution in a criminal case for purposes other than impeachment, judgments against persons other than the accused. *The pendency of an appeal may be shown but does not affect admissibility.*

(Emphasis added).  Before admitting the judgment of conviction, the court "must find that the probative value of the prior conviction is not substantially outweighed by the risk of unfair prejudice."  *State v. Scarbrough*, 181 S.W.3d 650, 660 (Tenn. 2005) (citing Tenn. R. Civ. P. 403).  If admitted, the judgment of conviction cannot be considered as "conclusive evidence of the facts necessarily determined in the underlying criminal proceeding."  *In re T.H.*, No. 01-A-01-9412-JV-00600, 1996 WL 165511, at *2-3 (Tenn. Ct. App. Apr. 10, 1996) (citation omitted).  Wife may "contest the conviction by introducing contrary evidence and argument" because the conviction is "simply evidence" and is "not entitled to preclusive effect under collateral estoppel."  *Scarbrough*, 181 S.W.3d at 660.

## V. CONCLUSION

The judgment of the trial court is reversed, and this case is remanded to allow Daughter to proceed with her complaint with the use of the judgment of the conviction consistent with this opinion.  Costs of the appeal are taxed to the appellee, Cynthia A. Wilkerson.

_____
JOHN W. McCLARTY, JUDGE